STATE OF NORTH CAROLINA
v.
EARNEST JEFFERSON PITTMAN.
No. COA08-100
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General J. Joy Strickland, for the State.
J. Clark Fischer for defendant-appellant.
MARTIN, Chief Judge.
Defendant appeals from a judgment entered on a jury verdict finding him guilty of failing to comply with the sex offender registration law.
By the sole assignment of error brought forward, defendant contends the trial court erred by admitting hearsay evidence. The record shows that on 1 August 2006 a detective with the Robeson County Sheriff's Department, who was assigned to confirm the addresses of people listed on the county's sex offender registry, went to the address listed by defendant on the registry. He testified that he observed people loading furniture onto a vehicle parked in the yard. He informed them that he was looking for a person by the name of Earnest Pittman. Before the officer could testify regarding what response he received, the court sustained defendant's objection. The prosecutor then asked the officer whether any of these individuals resembled defendant. The officer replied, "No." The following exchange occurred:
Q. Okay. As a part of your investigation, did you determine whether or not the defendant was residing at the address that was provided to you?
A. Yeah, he  he did not live at the address.
Q. Did you speak with the individuals that were moving the furniture out of the home as you described?
A. I did.
Q. As a part of your investigation, were you able to obtain any information as to the defendant's current whereabouts?
MR. PRICE: Objection.
THE COURT: Overruled as to that question.
THE WITNESS: Say again.
BY MR. OSMAN:
Q. As a part of your investigation, were you able to obtain any information as to the defendant's current whereabouts at that time?
A. I could not.
Defendant assigns error to the overruling of the objection.
Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801 (2007). We fail to discern in the foregoing exchange any declaration by a non-testifying witness offered for the truth of the matter asserted. Morever, it is a settled principle that the admission of similar evidence without objection results in waiver of the objection. State v. Whitley, 311 N.C. 656, 661, 319 S.E.2d 584, 588 (1984). Defendant subsequently testified that he was not residing at this particular address on the date in question, having been evicted from the residence in February of that year. Furthermore, given defendant's own admission to having vacated that residence without notifying proper authorities of this action, we conclude there is no reasonable possibility that a different outcome would have resulted had the testimony not been admitted. See N.C. Gen. Stat. § 15A-1443(a) (2007).
No error.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).